I concur in the result. I agree to remand to allow the Chilton County Commission to give the trial court its reasons for striking juror 100 (W.H.). I would point out, in the interest of judicial economy, that if the County Commission's reasons are the same as those set out on pages 13-15 of the County Commission's brief and if the trial court finds that these reasons are racially neutral, then I would be bound by the principle set forth in *Page 722 Ex parte McNair, 653 So.2d 353, 357-58 (Ala. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1121, 130 L.Ed.2d 1084 (1995):
 " 'It is within the sound discretion of the trial court to determine if peremptory challenges of black jurors were motivated by intentional racial discrimination. The court's findings in this regard are afforded great deference and will not be reversed on appeal absent clear error.' "
(Emphasis added.)
In such a case, Ms. Nix would have the burden of showing that the trial courts action was clear error. The word "clear" is defined in Black's Law Dictionary 250 (6th ed. 1990) as: "Obvious; beyond reasonable doubt; perspicuous; plain."